UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CABRINI-GREEN LOCAL ADVISORY COUNCIL, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 13 cv 3642 |
| v. | ) ) | Hon. Marvin E. Aspen |
| CHICAGO HOUSING AUTHORITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

This case is related to *Gautreaux*, whose history is extensive and need not be reiterated in full here. *Gautreaux v. Chi. Hous. Auth.*, No. 66 c 1459, 2013 WL 5567771, at *1–2 (N.D. Ill. Oct. 9, 2013). As background for purposes of the pending motion to intervene, the essential facts are as follows.

In 1969, United States District Court Judge Austin entered a judgment in *Gautreaux*, finding that the Chicago Housing Authority ("CHA") had engaged in a pattern of racial discrimination in selecting public housing sites. *Gautreaux v. Chi. Hous. Auth.*, 296 F. Supp. 907 (N.D. Ill. 1969). Judge Austin ordered the parties to "formulate a comprehensive plan to prohibit the future use and to remedy the past effects of CHA's unconstitutional site selection and tenant assignment procedures." *Id.* at 914. For many years, this Court has presided over *Gautreaux*. Pursuant to the remedial decree, we retain jurisdiction to enter orders involving the construction, implementation, modification, or enforcement of the judgment. Over the decades, we have modified the decree "several times to reflect changes in neighborhoods, circumstances and

1

community housing needs." *Gautreaux* v. Chi. Hous. Auth.*,* 475 F.3d 845, 847 (7th Cir. 2007). In 2000, we authorized revitalization of the Francis Cabrini Rowhouses ("Cabrini-Green site") as part of the Near North Revitalizing Area, recognizing that the Cabrini-Green Local Advisory Council ("LAC") had interests related to the redevelopment of the Cabrini-Green site and that decisions in *Gautreaux* might impair those interests. (*Gautreaux*, No. 66 C 1459, 9/12/2000 Order on Joint Motion of Plaintiffs and 9/12/2000 Order on CHA's Motion to Approve Consent Decree.) We therefore allowed LAC to intervene in *Gautreaux* as needed to protect its interests. (*See*, *e.g.*, *Gautreaux*, No. 66 C 1459, 9/12/2000 Order on CHA's Motion to Approve Consent Decree (granting motion to allow LAC to intervene without limitation).)

In this most recent 2013 case, LAC and current and former Rowhouse residents have challenged CHA's plan to redevelop the Cabrini-Green site as mixed-income housing. Plaintiffs in this suit ("*Cabrini* Plaintiffs") specifically allege that anything less than 100 percent public housing would significantly reduce the units available for public housing and "violate [CHA's] mandate to affirmatively further fair housing[.]" (*Cabrini* Compl. ¶¶ 5, 7.)

Presently before us is a motion to intervene filed by the plaintiffs in *Gautreaux* ("proposed intervenors"), who oppose *Cabrini* Plaintiffs' position and argue that the Cabrini-Green site should remain mixed-income public housing. (Mem. at 1; Intervenors' Compl. ¶ 8.) Because the relief requested by *Cabrini* Plaintiffs "would imperil…Gautreaux relief," proposed intervenors argue that they have a right to intervene as defendants under Federal Rule of Civil Procedure 24(a)(2) and in the alternative that we should allow permissive intervention pursuant to Rule 24(b). (Mem. at 1–2.) *Cabrini* Plaintiffs request that we deny the motion to intervene without prejudice, whereas CHA argues that we should dismiss *Cabrini* Plaintiffs' complaint and require *Cabrini* Plaintiffs to file their claim as a proposed intervention petition in *Gautreaux*. (*Cabrini* Pl.'s Resp.

2

at 1; CHA's Resp. at 1.)  Having already held that it was appropriate for us to accept reassignment of the *Cabrini* case, we need not address CHA's arguments here.  *See Gautreaux*, 2013 WL 5567771, at *2–5.  As was the case under the motion for reassignment, under the current motion to intervene, it would be improper to dismiss the *Cabrini* complaint and force *Cabrini* Plaintiffs to seek intervention in *Gautreaux*.

For the reasons discussed below, we grant proposed intervenors' motion to intervene as of right in this case.

## ANALYSIS

### I. Intervention as of right

An applicant may intervene in an action as of right when he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  The Seventh Circuit has applied this rule as a four-part test.  *Heartwood, Inc. v. U.S. Forest Serv.*, *Inc.*, 316 F.3d 694, 700 (7th Cir. 2003).  A party may intervene as of right if: 1) the application is timely; 2) the applicant claims an interest relating to the property or transaction that is the subject of the action; 3) the applicant is so situated that the disposition of the action may impair or impede the applicant's ability to protect that interest; and 4) existing parties do not adequately represent the applicant's interests.  *Id*. (citing *Sokaogon Chippewa Cmty. v. Babbitt,* 214 F.3d 941, 945–46 (7th Cir. 2000)).  The failure of any one of these factors requires denial of the petition to intervene. *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (citations omitted).

"In evaluating the motion to intervene, the district court must accept as true the non-conclusory allegations of the motion and cross-complaint."  *Lake Inv. Dev. Grp.*, *Inc. v. Egidi*

*Dev. Grp.*, 715 F.2d 1256, 1258 (7th Cir. 1983) (citing *Cen. States, Southeast and Southwest Areas Health & Welfare Fund v. Old Sec. Life Ins. Co.,* 600 F.2d 671, 679 (7th Cir. 1979)). Although intervention has a liberal pleading standard that encourages flexibility, it discourages motions that "totally ignore the rule." *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987); *Gen. Ins. Co. of Am. v. Clark Mali Corp.*, No. 08 C2787, 2010 WL 807433, at *8 (N.D. Ill. Mar. 10, 2010) (Where the proposed intervenor failed to assert the timeliness of its motion, the court held that "its motion must be denied for that reason alone."). Keeping in mind these standards, we find that the proposed intervenors have satisfied each of the four *Heartwood* requirements.

### A. Timeliness

The Seventh Circuit has described the timeliness factor as "essentially a reasonableness inquiry, requiring potential intervenors to be reasonably diligent in learning of a suit that might affect their rights, and upon learning of such a suit, to act to intervene reasonably promptly." *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 175 (7th Cir. 1995). In determining whether a motion to intervene is timely, courts consider four factors: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances." *Heartwood*, 316 F.3d at 701.

Here, *Cabrini* Plaintiffs and CHA have not challenged proposed intervenors' arguments as to their timely filing. Moreover, we find that the *Heartwood* factors strongly indicate that proposed intervenors' motion to intervene is timely. Shortly following our order on CHA's motion to reassign *Cabrini*, proposed intervenors moved to intervene in this action. *Gautreaux*, 2013 WL 5567771. Because there was no delay before proposed intervenors filed the motion, the original parties in this action will not be prejudiced. The added delay of allowing proposed

4

intervenors to intervene in an action that is related to *Gautreaux*, a suit that is over forty-years-old, would be minimal. *See Heartwood*, 316 F.3d at 701. We therefore conclude that the motion to intervene is timely.

### B. Substantial interest in the *Cabrini* litigation

The second requirement of Rule 24(a)(2) is that the applicant's interest "must relate to the property or transaction that is the subject of the action." *Heartwood*, 316 F.3d at 700. In other words, an intervenor's interest "must be significant, must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit." *Wade v. Goldschmidt*, 673 F.2d 182, 185 n.5 (7th Cir. 1982) (internal citations omitted); *Donaldson v. United States*, 400 U.S. 517, 531, 91 S. Ct. 534, 542 (1971)). Here, proposed intervenors' interest clearly concerns the same real property from which *Cabrini* Plaintiffs' interest arises. We have previously analyzed the interrelatedness of the issues in *Cabrini* and *Gautreaux*, stating that "the question about the constitution of the Rowhouses is percolating in *Gautreaux*, as much as it is in *Cabrini-Green LAC*." (*Gautreaux*, 2013 WL 5567771, at *4.)

> [Both cases] involve the same real property, subject to different revitalization plans for different parcels. As a practical matter, the plan for the Rowhouses affects the success of the plan for the rest of the Cabrini-Green redevelopment. The cases also plainly "involve some of the same issues of fact." Both address how CHA should revitalize public housing at Cabrini-Green, including difficult questions about what percentage of the proposed new and rehabilitated developments should be reserved for public housing residents.

(*Id*. at *3.)

*Cabrini* Plaintiffs acknowledge that proposed intervenors "are clearly 'interested' in this litigation," but claim that this interest is not sufficiently direct, such that "they would have 'a right to maintain a claim for the relief sought.'" (*Cabrini* Pl.'s Resp. at 3 (citing *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985).) We disagree. Both the actions taken and the statutory

5

authority called into question in this case involve the proposed intervenors. The focus of the ongoing litigation in both cases is whether CHA is complying with its obligations under the *Gautreaux* judgment and remedial decree with regard to its administrative housing decisions. (Intervenors' Compl.; *Cabrini* Pl.'s Compl.; *Gautreaux*, 2013 WL 5567771.) Determinations as to CHA's compliance directly affect not only *Cabrini* Plaintiffs, but also proposed intervenors. If *Cabrini* Plaintiffs are granted the injunction they seek, requiring the Cabrini-Green site to consist of 100 percent public housing, proposed intervenors' interest in the site consisting of mixed-income housing would be directly and significantly impeded. This interest plainly relates "to the property or transaction which is the subject of the action." We therefore find that proposed intervenors have a direct, legally protectable interest in the constitution of the Cabrini-Green site that could be impaired or impeded by refusal to grant them intervention.

### C. Proposed intervenors' interest would be impaired

"With respect to the impairment requirement under Rule 24(a)(2), '[i]mpairment exists when the decision of a legal question…would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding.'" *Hanover Ins. Co. v. L & K Dev*., 12 C 6617, 2013 WL 1283823, at *2 (N.D. Ill. Mar. 25, 2013) (quoting *Shea v. Angulo,* 19 F.3d 343, 347 (7th Cir. 1994)). "The possibility of foreclosure is measured by the standards of *stare decisis.*" *Hanover Ins. Co.*, 2013 WL 1283823, at *2 (quoting *Am. Nat'l Bank and Trust Co. of Chi. v. City of Chi.,* 865 F.2d 144, 148 (7th Cir. 1989)).

Proposed intervenors claim that their interest in the Cabrini-Green site as mixed-income housing will be impaired by its absence from this suit. (Mem. at 4.)

> Substantial accumulated evidence from other CHA sites suggests that the rehabilitation of [the remaining 440 unrennovated units of] the Frances Cabrini Rowhouses as a 100 percent public housing enclave within the economically integrated communities…would have the effect of negatively and seriously

6

> impacting those residential communities and thereby imperiling the relief they have provided for plaintiff class members.

(*Id*.) Proposed intervenors emphasize that "*Cabrini* Plaintiffs' goal is precisely the outcome *Gautreaux* Plaintiffs have sought to prevent since 2009[.]" (*Id*.)

*Cabrini* Plaintiffs have suggested that proposed intervenors' injury is speculative, stating that they "have not shown and cannot show that disposition of this action would impede or impair their ability to protect [their] interest." (*Cabrini* Pl.'s Resp. at 7–8.) *Cabrini* Plaintiffs do not offer facts, however, to support this assertion. We agree with proposed intervenors that if we were to grant the *Cabrini* Plaintiffs' the injunction they seek, the proposed intervenors could not secure the mixed-income development they seek. (Reply to Pl.'s Resp. at 2.) In other words, a determination in favor of *Cabrini* Plaintiffs would have a *stare decisis* effect on proposed intervenors, prejudicing any future action by them. Because proposed intervenors' interest in securing the Cabrini-Green site as mixed-income housing would be impaired, proposed intervenors have satisfied this Rule 24(a)(2) requirement.

### D. Proposed intervenors' interest is not adequately represented

Lastly, we address the question of whether the existing parties are adequate representatives of proposed intervenors' interest. This Rule 24(a)(2) requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Lake Invest. Dev. Grp.*, 715 F.2d at 1261 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 636 n.10 (1972)). Although proposed intervenors' burden is minimal, unsupported "speculation" that an existing party's "less than zealous" representation of proposed intervenors' interest is insufficient for purposes of intervention. *Am. Nat'l Bank*, 865 F.2d at 148 (denying intervention in part because

proposed intervenor's "speculation" that city Corporation Counsel would be "less than zealous" in defending the city ordinance was unsupported by the record).

Proposed intervenors argue that the existing parties do not adequately represent their interests. (Mem. at 4–5.) *Cabrini* Plaintiffs, who oppose mixed-income redevelopment of the Cabrini-Green site, plainly do not represent proposed intervenors' interests. Whether CHA adequately represents proposed intervenors' interests, however, is a more nuanced issue since both parties seek to have the Rowhouses developed as less than 100 percent public housing. (CHA Ans. ¶ 47; Intervenors' Compl. ¶ 8.) Although proposed intervenors acknowledge that CHA's position as to the Cabrini-Green site currently coincides with their interest, "[n]othing assures that...their interest [will not] change." (Mem. at 4–5.) *Cabrini* Plaintiffs counter that if a conflict with CHA does arise, proposed intervernors could "then file a new motion to intervene." (*Cabrini* Pl.'s Resp. at 9–10.) At this point in the litigation, they claim that the motion to intervene "is, at best, premature." (*Id.*)

Despite their current positions as to the constitution of the Rowhouses, we find that the interests of proposed intervenors and CHA are not sufficiently aligned. Proposed intervenors' interest is to secure mixed-income housing for *Gautreaux* families, whereas CHA's interest is broader in that it aims to complete its Plan for Transformation. We have seen over the years how different those interests have been. CHA initially determined in 2001 that the Rowhouses had "the potential to become a mixed income and mixed finance property." (Intervenors' Compl. ¶ 5 (citing CHA, FY2001 Annual Report, at 12).) In 2003, however, CHA decided to rehabilitate the Rowhouses as 100 percent public housing. (Intervenors' Compl. ¶ 5 (citing CHA, FY2003 Annual Report, at 20).) Then, in 2009, after rehabilitating approximately one-quarter of the Rowhouses and after a conference with the court and the parties, CHA returned to its initial

8

position as to the Rowhouses' potential to become mixed-income housing. (Intervenors' Compl. ¶ 6 (citing CHA, FY2008 Annual Report at 3–4).)

CHA's *interest* is completing its Plan for Transformation. Its *position* as to the constitution of the Rowhouses has changed over time and nothing guarantees that its current position will not change again during the course of this pending litigation. It is therefore evident that, at the very least, CHA's representation of proposed intervenors' interest "may be inadequate." *See Lake Invest. Dev. Grp.*, 715 F.2d at 1261. Just because proposed intervenors may have a "close working relationship with CHA" in the *Gautreaux* case (*Cabrini* Pl.'s Resp. at 9), does not guarantee that CHA will represent proposed intervenors' interests in this pending litigation. Moreover, proposed intervenors are unrepresented on the Board of Commissioners that governs CHA. (Mem. at 5.) Even if proposed intervenors were to have "a continuing role in this litigation akin to amicus curiae" as *Cabrini* Plaintiffs suggest (*id.*), we believe this relationship falls short of satisfying the "adequate representation" requirement under Rule 24(a)(2). Thus, although CHA's position on mixed-income housing may be aligned with proposed intervenors' interest at this moment, these entities have an extensive litigious history that indicates they do not always share the same fundamental interests.

Were the interests at issue in this case to merely concern different strategies or tactics, as suggested by *Cabrini* Plaintiffs (*Cabrini* Pl.'s Resp. at 9), such differences would not create a sufficient conflict to warrant intervention. *B.H. v. McDonald*, 49 F.3d 294, 297 (7th Cir. 1995) (denying a motion to intervene where the conflict arose out of a party's "considered judgment" about strategy). The difference between CHA's and proposed intervenors' interests, however, runs much deeper than mere strategies and tactics. For over forty years, proposed intervenors and CHA have had an adversarial relationship in and out of court regarding the composition of housing

9

in Chicago.  We therefore find that proposed intervenors' interest in securing mixed-income housing for the Cabrini-Green site is not adequately represented by CHA in this case.

For the foregoing reasons, we conclude that proposed intervenors have met all four requirements under Rule 24(a)(2). Accordingly, we need not address permissive intervention.

**II. Sufficiency of the complaint**

In addition to Rule 24(a)(2), proposed intervenors must abide by Rule 24(c), which "requires that a motion to intervene be accompanied by 'a pleading that sets out the claim or defense for which intervention is sought.'" *N. Shore-Chicago Rehab. Inc. v. Vill. of Skokie*, 93 C 1198, 1993 WL 356928, at *5 (N.D. Ill. Sept. 13, 1993) (quoting Fed. R. Civ. P. 24(c)).  We reiterate here that intervention has a liberal pleading standard.  *Shevlin*, 809 F.2d at 450. Additionally, in this district, failure to meet the requirements of Rule 24(c) may be merely considered "as one more factor that weighs against granting the motion [to intervene]."  *N. Shore-Chicago Rehab. Inc.*, 1993 WL 356928, at *5.  As such, courts have allowed proposed intervenors to stray from the strict pleading standards required for other federal pleadings.  *Id.*

*Cabrini* Plaintiffs argue, however, that because proposed intervenors' complaint fails to comply with the strict pleading requirement under Rule 8, it must fail "as a matter of law" and thus "alone warrants denial of the motion to intervene under both Rule 24(a) and (b)." (*Cabrini* Pl.'s Resp. at 13.  According to *Cabrini* Plaintiffs, "proposed intervenors' Complaint is completely devoid of allegations that state a claim or defense, which independently violates Rule 24(c)[.]" (*Cabrini* Pl.'s Resp. at 13.)  Specifically, they state that the order sought by proposed intervenors—denying the request to mandate CHA to redevelop the Rowhouses as 100 percent public housing—"is neither a defense nor a claim available to an intervening defendant[.]" (*Id.*)

And even if the defense were available to the proposed intervenors, *Cabrini* Plaintiffs state that it is "speculative and conclusory." (*Id*. at 14.)

We disagree. Proposed intervenors assert as a defense to the *Cabrini* Plaintiffs' complaint "that maintaining the Rowhouses as 100 percent public housing—which is what Cabrini Plaintiffs seek—would imperil [proposed intervenors'] Gautreaux relief." (Mem. at 1; Intervenors' Compl. ¶ 8; Reply to Pl.'s Resp. at 4–5.) This defense, despite *Cabrini* Plaintiffs' argument to the contrary, goes beyond "[m]erely stating one has claims [or a defense] in common with the parties to the suit[.]" (*See Cabrini* Pl.'s Resp. at 13 (citing *BPI Energy, Inc. v. Riches*, No. 07-cv-186, 2009 WL 260889, at *1 (S.D. Ill. Feb. 4, 2009).) This case is unlike *Patridge*, in which the court denied a motion to intervene where the applicant "failed to file a pleading that sets forth its claims or defenses or the relief it seeks." *Patridge v. J.K. Harris Co.*, No. 05-2172, 2006 WL 1215189, at *3 (C.D. Ill. May 5, 2006). In that case, the court stated that "[w]ithout that information, the Court cannot consider whether intervention is proper." Here, proposed intervenors have sufficiently informed us as to their defense and the relief they seek. Therefore, their Complaint does not contain merely speculative and conclusory assertions, as suggested by *Cabrini* Plaintiffs. (*See Cabrini* Pl.'s Resp. at 14.) Proposed intervenors abide by Rule 24(c)'s pleading standard by maintaining that the Rowhouses as 100 percent public housing would imperil their *Gautreaux* relief.

A motion to intervene as of right "should not be dismissed unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Lake Inv. Dev. Grp.*, 715 F.2d at 1258. Here, it is evident that proposed intervenors would be entitled to and may obtain relief if we were to find that the constitution of the

Cabrini-Green site should be mixed-income. Having met the requirements of Rule 24(c), the Complaint does not warrant a denial of intervention.

**CONCLUSION**

*Cabrini* Plaintiffs are essentially requesting us to make a finding that dissident class members should be allowed to pursue a claim against the class Defendant that seeks the opposite of what the dissident class seeks, while barring other members of the class from participation. Denying proposed intervenors' motion would defeat the goals of the *Cabrini* reassignment case, namely to efficiently and effectively litigate and dispose of the issues in a single proceeding. *Gautreaux*, 2013 WL 5567771, at *5.

We find that, in accordance with Rule 24(a)(2), proposed intervenors have an interest relating to the redevelopment of the Cabrini-Green site that is the subject of this action and are so situated that the disposition of this action may, as a practical matter, impair or impede the proposed intervenors' ability to protect their interest. They have also met the pleading standard under Rule 24(c). To protect the relief already provided and planned to be provided to them at and near the Cabrini-Green site in the form of mixed-income housing, proposed intervenors have the right to intervene. For the foregoing reasons, we grant proposed intervenors' motion to intervene.

It is so ordered.

                                                              Marvin E. Aspen
                                                              United States District Judge

DATE: February 21, 2014