UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CABRINI-GREEN LOCAL ADVISORY COUNCIL, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 13 cv 3642 |
| v. | ) ) | Hon. Marvin E. Aspen |
| CHICAGO HOUSING AUTHORITY and MICHAEL MERCHANT, | ) ) ) ) | |
| Defendants, | ) ) | |
| DOROTHY GAUTREAUX, et al. | ) ) | |
| Intervenors. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us are two motions filed by Defendant Chicago Housing Authority ("CHA"). The first is a motion for a protective order. (Dkt. No. 55, Mot. for PO.) The second is a motion to modify the present briefing schedule on CHA's motion for summary judgment until we rule on the motion for protective order. (Dkt. No. 68, Mot. Modify.) CHA specifically requests that we not require CHA to file its motion for summary judgment reply brief until: 1) plaintiffs are afforded the discovery permitted by the Court when it rules on CHA's pending motion for a protective order; and 2) plaintiffs, if they choose to do so, supplement their memorandum in opposition to summary judgment with the fruits of this discovery. (*Id*. at 1.)

We first turn to the underlying motion for a protective order. CHA seeks to limit discovery to the issue presented in this case, which CHA describes is "whether there will be enough public housing in the Near North neighborhood sufficient to accommodate any

1

Rowhouse family (including those temporarily relocated) who wish to remain in this north side 'opportunity area.'" (Mot. for PO at 3–4.) Plaintiffs object, arguing that CHA has mischaracterized Plaintiffs' complaint. (Dkt. No. 61, Resp. to Mot. for PO, at 2.)

We look to Plaintiffs' complaint:

> 65. By reneging on its promise to retain the Rowhouses as 100% public housing and instead developing the site as a mixed-income community, the CHA is eliminating 400 units of low-income public housing from the North Side of Chicago.
> 66. There is little or no property available in the Near North neighborhood, on the North Side of Chicago, or in other desegregated areas of Chicago that meets the HUD cost limits for the acquisition of property.
> 67. Therefore, the CHA will be forced to make up this loss of housing in high-poverty, segregated areas of Chicago where land values are lower, in order to honor its commitment of 25,000 public housing units under the Plan for Transformation.
> 68. In effect, 400 families will have to start over in areas that are poor, segregated, and, under the CHA's own standards, "low opportunity."

(Compl. ¶¶ 65–68.) Plaintiffs explain that "[t]he gravamen of Plaintiffs' Complaint is the loss of up to 400 units of public housing in an area of opportunity due to CHA's decision to redevelop the Rowhouses as a mixed-income community, not that CHA has failed to create sufficient replacement housing on the Near North Side to Accommodate displaced Rowhouse families." (Resp. to Mot. for PO at 3.)

Clearly, these are not mutually exclusive endeavors. If CHA establishes that there is sufficient housing on the Near North Side to accommodate the displaced Rowhouse families *and* that by doing so, if provides sufficient public housing in an area of opportunity, then CHA will have addressed Plaintiffs' claim. We add that Plaintiffs' complaint states the following: "The Near North Side of Chicago is an area of opportunity: besides being a low-poverty area, the neighborhood that includes the Rowhouses, known as the "Near North" neighborhood, is in close proximity to public transportation, diverse employment opportunities, grocery stores, schools, and medical providers. The Near North neighborhood is also an area of opportunity because it is

2

racially diverse." (Compl. ¶¶ 63–64.) Therefore, if CHA establishes through discovery that it can provide sufficient housing for Rowhouse families in the Near North neighborhood, then those residents will therefore be able to live in an area of opportunity.

CHA offers Assistant General Counsel II Joanne Boy's declaration as evidence in its motion for summary judgment that "all of the families the plaintiffs represent will be afforded the opportunity to live on the Near North side." (Mot. Modify at 4.) The *Gautreaux* Intervenors in this case support CHA's motion to limit discovery, stating that Plaintiffs' complaint only states one claim, which is that *Cabrini* Plaintiffs are entitled to replacement housing in the Near North Neighborhood. (Dkt. No. 70, Intervenors' Statement, at 1.) Accordingly, assert CHA and the Intervenors, discovery should be limited to the issues raised in Boy's declaration. (Mot. Modify at 4; Intervenors' Statement at 2.)

Plaintiffs argue, however, that limiting Plaintiffs' discovery in the manner CHA proposes would "unfairly and unjustly hinder[] Plaintiffs," who expect to engage experts to analyze the information that CHA provides in its production of documents. (Resp. to Mot. Modify at 1–2.) We fail to see how Plaintiffs would be hindered in the limited discovery process, if CHA provides sufficient evidence that "all of the families the plaintiffs represent will be afforded the opportunity to live on the Near North side." (Mot. Modify at 4.) CHA has also stated that they are "not requesting that plaintiffs waive any position that they should be permitted to take more discovery." (*Id.*)

Previously, we told the parties that we would not stay discovery. (3/6/2014 Hrg. Tr. at 9:10.) This is still the case. We are limiting discovery, however, to the evidence that is necessary for Plaintiffs to brief CHA's summary judgment motion, namely, whether any Rowhouse families will be denied the opportunity to live in an area of opportunity, if they want

3

to do so. If we find that CHA plans to build sufficient public housing units in an opportunity area for all of the Rowhouse families, then Plaintiffs' claim may have been addressed successfully by CHA.

Limiting discovery must be considered "against the backdrop of Rule 26(b)(1), which generally permits broad ranging discovery" and, therefore, a "party seeking a protective order that would limit the wide berth generally given to discovery bears the burden of showing good cause by 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Steadfast Ins. Co. v. Auto Marketing Network, Inc.*, No. 97-cv-5696, 1999 WL 300231, at *1 (N.D. Ill. May 3, 1999) (quoting *Caponigro v. Navistar Int'l Trans. Corp.*, 1994 WL 233772, at *1 (N.D. Ill. 1994)); Rule 26(c)(1) (stating that a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense). CHA has shown good cause in this case by putting into issue the essential elements of Plaintiffs' theory in this case; "the reason for the protective order has nothing to do with any theory that CHA presents. Instead, the rationale for limiting discovery is based entirely on the *Cabrini* plaintiffs' theory of their own case." (Dkt. No. 62, Reply to Mot. for Protective Order, at 2.) We find that allowing broader discovery at this point in the litigation would be an undue burden or expense for CHA and an inefficient waste of resources, violating Rule 1. Fed. R. Civ. P. 1 (stating that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). We agree with CHA that limiting discovery in this manner will allow us to "resolve this litigation promptly and efficiently [and that] doing so will allow CHA more promptly to achieve a goal that, presumably, all the parties share: building new housing on the Near North Side for thousands of people, many of whom are otherwise too poor to afford quality

4

housing." (Mot. for PO at 3.) If, however, Plaintiffs' claims are not addressed through this discovery, then Plaintiffs will be permitted to take more extensive discovery at that time.

To the extent that the parties dispute the composition of the group Plaintiffs represent, that issue does not affect the present motion for protective order or motion to modify the briefing schedule. If CHA is able to establish, through the limited discovery, that it is capable of providing the type and amount of housing to which Plaintiffs claim they are entitled, then no more discovery will be necessary in this case. If an issue arises over the composition of the group that Plaintiffs represent, the parties can address that issue in their motion for summary judgment briefs.

We therefore grant CHA's motion to limit discovery to what is necessary to brief their summary judgment motion until we decide the pending motion for summary judgment. Once CHA complies with the discovery, Plaintiffs may then supplement their response to the summary judgment motion. We extend CHA's date for answering Plaintiffs' discovery until August 15, 2014, and give Plaintiffs until September 12, 2014 to file their modified response and CHA until September 22, 2014 to file its reply.[1]

For the foregoing reasons, we grant both CHA's motion for a protective order and motion to modify the briefing schedule. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
June 24, 2014

---

[1] This scheduling order also grants CHA's motion to extend its reply filing date.