UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CABRINI-GREEN LOCAL ADVISORY COUNCIL, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 13 C 3642 |
| v. | ) ) | Hon. Marvin E. Aspen |
| CHICAGO HOUSING AUTHORITY and MICHAEL MERCHANT, | ) ) ) ) | |
| Defendants, | ) ) | |
| DOROTHY GAUTREAUX, et al., | ) ) | |
| Intervenors. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is a motion filed by Plaintiffs Cabrini-Green Local Advisory Council, et al. ("LAC" or "Plaintiffs"), requesting leave to amend their complaint pursuant to Federal Rules of Civil Procedure 15 and 21. In their proposed amended complaint, Plaintiffs seek to add another plaintiff, Central Advisory Council ("CAC"), and to clarify the scope of their claims. (*See* Mem. at Ex. A (proposed Am. Compl.) and Ex. B (redline to Compl.).) Defendant Chicago Housing Authority ("CHA") opposes the motion, contending that amendment would be prejudicial and futile. (Resp. at 2–9.)

As set forth below, we deny the motion. In addition, we dismiss this action, without prejudice as to Plaintiffs' right to seek intervention in the related *Gautreaux v. Chicago Housing Authority* (66 C 1459) case.

**BACKGROUND**

We assume familiarity with the general background of this case and its connection to *Gautreaux*, over which we also preside. *See, e.g.*, *Gautreaux*, 66 C 1459, 2013 WL 5567771, at *1–2 (N.D. Ill. Oct. 9, 2013). In brief, Plaintiffs here have challenged CHA's plan to redevelop the Francis Cabrini Rowhouses as less than 100% public housing. The Rowhouses are one of four sections comprising the former Cabrini-Green development. (Compl. ¶¶ 40–41.) Although CHA previously indicated that it would rehabilitate the Rowhouses as 100% public housing, CHA changed its position in 2011 and now seeks to turn the Rowhouses into mixed-income housing. (*See id.* ¶¶ 2, 4, 46, 49, 51, 60–62.) Under CHA's current position, likely no more than one-third of the Rowhouses would be designated as public housing. (*Id.* ¶ 62.) According to LAC, this approach will reduce the number of units available for public housing residents in the Near North, forcing former Rowhouse residents to relocate to high-poverty, segregated areas of Chicago. (*Id.* ¶¶ 65–71.)

In the pending motion, Plaintiffs seek to amend their complaint to further explain their claims and relatedly to add CAC as a party.[1] (Mem. at 1–5.) Specifically, Plaintiffs wish to clarify that their claims are not limited to whether CHA will offer enough housing to accommodate Rowhouse families who wish to live in the Near North Redevelopment Initiative ("NNRI") area. (*Id.* at 1–4.) Plaintiffs seek to allege more widely that CHA's decision will permanently remove 400 units from an area of opportunity, thus violating federal law, breaching its commitments, and negatively impacting a broader group of public housing residents. (*Id.* at 3–4.) Plaintiffs contend that the decision to rehabilitate the Rowhouses at less than 100% public housing affects:

---

[1] Both the original and proposed amended complaints also include three individual plaintiffs, each current or former Rowhouse residents.

> not just the current Rowhouse families with a right of return, but also the families with a right of return under the Consent Decree . . . , other families with a right of return who selected the Cabrini-Green site as a first choice in their . . . surveys, and families on the general public housing waiting list.

(*Id.* at 3.) LAC claims that it represents these constituencies pursuant to federal regulation, the Consent Decree entered in an earlier matter, CHA's Plan for Transformation, and the Relocation Rights Contract ("Contract"). (*Id.* at 3–4.) The proposed amended complaint also includes CAC as a plaintiff because CAC "represents the rights of all public housing residents—as well as anyone with a right of return pursuant to the [Contract]—who will . . . be denied the opportunity to move" to the pertinent area. (*Id.* at 5; *see id.* at 8.) According to Plaintiffs, their amendment should be allowed because it does not add new claims, unduly prejudice Defendants, cause delay, or disrupt ongoing discovery. (*Id.* at 8–9; *see* Reply at 3–8.)

**STANDARD OF REVIEW**

Under Rule 15(a)(2), a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule mandates that "leave shall be freely given when justice so requires." *Id.* Accordingly, in the absence of any reason—including undue delay, bad faith, dilatory motive, repeated failure to cure pleading deficiencies, undue prejudice to the nonmovant, or futility of amendment—"the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *King v. Kramer*, 763 F.3d 635, 643–44 (7th Cir. 2013); *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 868–69 (7th Cir. 2013). The grant or denial of a motion under Rule 15 is entrusted to our sound discretion. *Foman*, 371 U.S. at 182, 83 S. Ct. at 230; *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014); *King*, 763 F.3d at 644; *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002).

**ANALYSIS**

In their opposition, Defendants reiterate an earlier argument that Plaintiffs must seek relief within the *Gautreaux* case. (Resp. at 2–5.) Defendants—joined by the intervening *Gautreaux* Plaintiffs—contend that the *Gautreaux* subclass purportedly represented by Plaintiffs here cannot bring a separate action on behalf of the entire *Gautreaux* class to litigate a common issue and yet seek contradictory relief. (Resp. at 2–5; *Gautreaux* Pls.' Opp'n (Dkt. No. 84) at 2–4.) While we have previously denied Defendants' requests that we dismiss this case and require Plaintiffs to move for intervention in *Gautreaux*, *see Cabrini-Green Local Advisory Council v. Chi. Housing Auth.*, 13 C 3642, 2014 WL 683710, at *1 (N.D. Ill. Feb. 21, 2014) and *Gautreaux*, 2013 WL 5567771, at *5, we revisit the issue in light of the pending motion and the scope of LAC's intended action.

Although Plaintiffs assert that their claims pose no threat to *Gautreaux* relief, (Reply at 5), we are not convinced. As we have explained, CHA's decision about the composition of the rehabilitated Rowhouses within the NNRI area is plainly related to both this case and *Gautreaux*. As such, we must avoid duplication of efforts, coordinate discovery, and reconcile the resolution of the Rowhouse issue. Yet, at a higher level, we must also discourage the filing of "a multiplicity of new lawsuits over the same complicated and emotional issues" previously and currently in play in *Gautreaux*, including the composition of the Rowhouses and the redevelopment of the Cabrini-Green site. *Hines v. Rapides Parish Sch. Bd.*, 479 F.2d 762, 765 (5th Cir. 1973); 11/4/99 Order in 66 C 1459 (reassigning and then dismissing ABLA complaint, without prejudice as to ABLA's right to seek intervention in *Gautreaux*); *see also Parents Against Controlled Choice v. Bd. of Educ., Rockford Sch. Dist. 205*, 1999 WL 7905, at *1 (N.D. Ill. Jan. 8, 1999 (commenting that plaintiffs "could have moved to intervene in the ongoing

case," particularly given concerns about judicial economy). Based on our reconsideration of the complaint, and the scope of LAC's proposed amended complaint,[2] we conclude that Plaintiffs' claims here implicate *Gautreaux* relief. Maintaining two separate but related actions to address this common issue is inefficient and potentially prejudicial to the parties involved. To ensure consistency and economy, we conclude that Plaintiffs must seek their remedy from within *Gautreaux*. *See Hines*, 479 F.2d at 765; 11/4/99 Order in 66 C 1459. Accordingly, we deny the motion to amend as futile and dismiss this case without prejudice as to Plaintiffs' right to move for intervention in the *Gautreaux* case.[3]

## CONCLUSION

For the foregoing reasons, we deny Plaintiffs' motion. Furthermore, we dismiss this action. Plaintiffs may file a motion to intervene in *Gautreaux*, if they wish. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: November 4, 2014
        Chicago, Illinois

---

[2] For example, in their proposed amended complaint, Plaintiffs seek to represent individuals and families on the CHA waitlist. (Reply at 11; *see* Am. Compl. ¶¶ 18, 25.) Although Plaintiffs assert that proposed-plaintiff CAC is authorized to represent this group, the Seventh Circuit previously commented that CAC does not represent individuals on the CHA waitlist. The Seventh Circuit noted, however, that individuals on the waitlist are represented by the *Gautreaux* Plaintiffs. *Gautreaux v. Chi. Housing Auth.*, 475 F.3d 845, 850 (7th Cir. 2007).

[3] In light of our ruling, we need not address the parties' additional arguments on the merits of the pending motion.

5